# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Christopher Lamar Victoria, ) | |
| ) | Civil Action No.: 8:17-cv-01905-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| Warden of Charleston County Detention ) | |
| Center, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court for review of Magistrate Judge Jacquelyn D. Austin's ("Magistrate Judge") August 14, 2017 Report and Recommendation ("Report") (ECF No. 11), recommending Petitioner Christopher Lamar Victoria's ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1) be dismissed without prejudice and without requiring Respondent Warden of Charleston County Detention Center ("Respondent") to file an answer or return. For the reasons below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 11) and **DISMISSES** Petitioner's habeas corpus petition (ECF No. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards on this matter, which this court adopts without a full recitation. (ECF No. 11 at 1-3.) The Magistrate Judge concluded that

> because Petitioner may raise [speedy trial and timeliness of indictment claims] in state court during trial and post-trial proceedings, pretrial intervention by this [c]ourt is not appropriate. And, in fact, he seems to allege that his motion for speedy trial is pending in state court. Therefore, based on the doctrines of abstention and exhaustion of state remedies, Petitioner is precluded from federal habeas relief at this time . . . .

(ECF No. 11 at 5.) Petitioner submitted an Objection to the Report (ECF No. 15) on August 28, 2017.

Petitioner asserts two objections. First, Petitioner argues that being forced to stand trial on charges for which he has yet to be indicted is a violation of his Fourteenth Amendment rights. (ECF No. 15 at 2.) Additionally, Petitioner asserts he "is not legally competent in state proceedings," "does[ not] have the tools to prepare for a trial," "would[ not] adequately be able to present his case," and "the legal liaison at the detention center . . . is not reliable." (*Id.*)

Second, Petitioner asserts that when determining whether there are "special circumstances" justifying federal review under § 2241, "the courts look to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention." (ECF No. 15 at 2.) Petitioner argues the special circumstances in this case are "[t]he State's failure to comply with its policies and procedures that govern [the] criminal process." (*Id.*) Specifically, Petitioner contends Rule 3 of the South Carolina Rules of Criminal Procedure requires the State to "take action" on an arrest warrant by securing an indictment on the warrant's charges within ninety days of receipt of the warrant from the Clerk of Court or to show good cause for delays in taking such action. (*Id.* at 3.) In his habeas corpus petition, Petitioner claims he has been detained at the Al Cannon Detention Center in North Charleston, SC, for more than 240 days on charges for which he has yet to be indicted. (ECF No. 1 at 7.) In his Objection, Petitioner states this shows "a blatant disregard for [his] due process of law constitutional right." (ECF No. 15 at 3.) Petitioner notes he requested his court-appointed attorney to file a motion to dismiss, which was treated as a motion to compel; a motion for speedy trial after his motion to dismiss went "unanswered" for ninety days; "a motion for bond reduction 180 days after his first bond reduction"; and a habeas petition "after realizing his rights were being violated." (*Id.*) Petitioner has also written "the Disciplinary Counsel Board

at the [South Carolina] Supreme Court to grieve the issues regarding his attorney's forbearance." (*Id.*) Petitioner argues these actions show "a good faith attempt to exhaust his state remedies," making him eligible for habeas relief. (*Id.*)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina. The Magistrate Judge makes only a recommendation to the court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to— including those portions to which only "general and conclusory" objections have been made—for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). As Petitioner is a pro se litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

Under § 2241, pretrial habeas relief is available if the petitioner is in custody, has exhausted his state court remedies, and "special circumstances" justify the provision of federal review. *Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987); *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). "While 'special circumstances' lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect

a petitioner's constitutional rights without pre-trial intervention." *Brazell v. Boyd*, No. 92-7029, 1993 WL 98778, at *2 (4th Cir. Apr. 5, 1993). "Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court[,] no special circumstance is shown." *Id. See also Braden*, 410 U.S. at 489 ("[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.").

Initially, the court declines to address Petitioner's exhaustion arguments because even if the Petitioner could show exhaustion, it would not entitle him to relief because the court finds he cannot show special circumstances justifying the provision of federal review. The special circumstances asserted by Petitioner—the State's failure to comply with its own Rules of Criminal Procedure by failing to timely indict Petitioner on the charges for which he was arrested—can be asserted in state court. *See State v. Brazell*, 480 S.E.2d 64, 68-70 (S.C. 1997) (addressing whether petitioner's Fourteenth Amendment due process rights were violated due to pre-indictment delay). Moreover, the Supreme Court of South Carolina has held Rule 3 of the South Carolina Rules of Criminal Procedure is an "administrative rule adopted for the purpose of insuring an orderly and prompt disposition of cases. While the rule is designed to secure a prompt handling of cases, it was not intended to be the criterion for determining whether the constitutional guaranty of a speedy trial has been met." *State v. Culbreath*, 316 S.E.2d 681, 681 (S.C. 1984) ("[T]he failure of the solicitor to act upon a warrant within ninety (90) days . . . does not within itself invalidate a warrant or prevent subsequent prosecution.").

Furthermore, in *Braden*, the United States Supreme Court drew a distinction between a petitioner "seek[ing] . . . to litigate a federal defense to a criminal charge" and a petitioner "demand[ing] enforcement of the [State]'s affirmative constitutional obligation to bring him

4

promptly to trial." 410 U.S. at 489-90. *See also Dickerson*, 816 F.2d at 227 (declining to accept petitioner's analysis "that the [S]ixth [A]mendment right to a speedy trial is a per se 'special circumstance' because to do so would eliminate the careful distinction drawn by the [United States Supreme C]ourt in *Braden* . . . between a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial"). Here, Petitioner's claims fall into the former category as he seeks "release" and dismissal of the charges against him. (ECF No. 1 at 8.) Therefore, because Petitioner does not demand enforcement of the State's affirmative constitutional obligation to bring him promptly to trial, but seeks dismissal of the charges against him on constitutional grounds, the court is not "permit[ted] [to] derail[] . . . a pending state proceeding [and allow Petitioner] to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 493.

## IV. CONCLUSION

For the foregoing reasons, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 11) and **DISMISSES** Petitioner Christopher Lamar Victoria's Petition for Writ of Habeas Corpus (ECF No. 1) without prejudice and without requiring Respondent Warden of Charleston County Detention Center to file an answer or return.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 13, 2018
Columbia, South Carolina